IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEAN L. JOHNSON, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:19-CV-611-L-BK |
| | § | |
| DEPARTMENT OF COMMERCE, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for judicial screening, including issuance of findings and a recommended disposition. Before the Court are Plaintiff Jean L. Johnson's *Applications to Proceed in District Court Without Prepaying Fees or Costs* (IFP applications). Doc. 21; Doc. 44. For the reasons stated herein, the IFP applications should be **DENIED**.

**I. BACKGROUND**

On March 12, 2019, the United States Court of Appeals for the Federal Circuit transferred to this Court Johnson's petition for review of the final decision of the Merit Systems Protection Board, in which she alleges disability discrimination. Doc. 15. This Court subsequently granted Johnson multiple opportunities to file an IFP Application and then to provide supporting information regarding her and her spouse's income, medical and discretionary spending, debts, and support to others. Doc. 19; Doc. 20; Doc. 27; Doc. 30; Doc. 32. Based on the financial information provided, the Court ordered Johnson to pay the $400.00 filing fee. Doc. 34. However, upon her request for reconsideration because of purported new

difficulties and changes in financial circumstances, the Court granted Johnson leave to file an amended IFP application. Doc. 37; Doc. 38; Doc. 44.

Having reviewed all the financial information in the amended application, the Court again concludes that Johnson is financially ineligible to proceed *in forma pauperis*. Thus, her IFP applications should be denied.

## II. ANALYSIS

Whether to permit or deny an application to proceed *in forma pauperis* is within the sound discretion of the court. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

The IFP applications reflect that Johnson and her husband presently have $3,100 in checking/savings accounts (compared to $10,000 in May 2019) and that they receive a combined monthly gross income of $7,865—$6,800 from husband's employment and $1065 from Johnson's disability payment. Doc. 44 at 1-2; Doc. 21 at 1-2. The applications also indicate that they own a home valued at $182,000, two 2008 Cadillac automobiles, and two 2002-2003 Ford automobiles, which are used by their adult children. Doc. 21 at 3; Doc. 22 at 1; Doc. 44 at 3. In addition, they incur monthly expenses totaling $7,857—$6,598 by husband and $1,259 by Johnson. Doc. 44 at 4-5.

However, their expenditures include the following monthly discretionary spending: (1) $500 for support to adult children and their families, (2) $200 for recreation (movies, newspapers, cable, and family entertainment), (3) $600 for home maintenance (pool/home

maintenance and lawncare), (4) $200 for her husband's business clothing and laundry expenses, and (5) $600 for her husband's transportation expenses (gasoline, NTTA toll tag, OnStar, Sirius, and AAA). Doc. 44 at 4-5. The Court finds unpersuasive Johnson's assertion that the home maintenance expense is not discretionary because (1) the swimming pool is medically necessary for her condition and (2) the upkeep is needed to maintain their home and the home owner insurance policy. Doc. 35 at 1. Equally unpersuasive is Johnson's argument that the $200 monthly for her husband's new clothing and laundry/dry cleaning costs is not discretionary, but necessary for his work. Doc. 35 at 2. Furthermore, at least a portion of the $600 transportation expenses, specifically the cost for Onstar, Sirius, and AAA, is plainly discretionary. *Id.*

Considering Johnson and her husband's income, cash on hand, and high discretionary spending, the Court concludes that Johnson will not suffer undue financial hardship after payment of the $400.00 filing fee.

Johnson renews her request to pay the filing fee in installment or possibly pay a reduced fee because neither she nor her husband presently "have the finances to do so." Doc. 44 at 6. However, neither a reduced nor an installment payment appears appropriate in light of the money they presently have on hand. *Id.* Likewise, future changes in their finances—potentially due to Johnson's recent diagnoses for purportedly serious heart and kidney conditions—does not impact her current ability to pay the filing fee. *Id.*

### III. RECOMMENDATION

For the foregoing reasons, Johnson's IFP applications should be **DENIED** and this case should be **DISMISSED WITHOUT PREJUDICE** unless Johnson pays the $400.00 filing fee

within 14 days from the date of filing of this *Findings, Conclusions and Recommendation*.

    **SO RECOMMENDED** on February 21, 2020.

                                          RENEE HARRIS TOLIVER
                                          UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).